Grafton,  }
May 5, 1914. }

## STATE *v.* CHARLES S. JACKSON.

The practice of finding indictments and trying criminal causes at any term of court in Grafton county, without regard to the question of venue as between the judicial districts, does not infringe the right of a respondent to be tried by a jury *de vicineto.*

The statute dividing Grafton county into judicial districts (Laws 1911, *c.* 72) does not require that jurors shall be drawn from the several districts as though they were separate counties, nor limit the right or duty of the court to direct the number of jurors to be drawn and to specify the towns from which they shall be summoned.

A direction of the court that the towns of a certain judicial district of Grafton county shall furnish the grand and petit jurors for the term there held does not infringe the constitutional rights of respondents. ·

INDICTMENT for arson, found by a grand jury drawn from and attending a term of court held in the western judicial district, and charging that the offence was committed in a town which is in that district. The respondent moved to quash the indictment because the grand jury was not drawn from the whole county. The case came on for trial at a term held in the southern district, and the respondent claimed a challenge to the array of petit jurors drawn from that district. Transferred without a ruling from the October term, 1913, of the superior court by *Peaslee,* J.

*Edward J. Cummings,* solicitor, for the state.

*Frank S. Williams* (of Vermont) and *George W. Pike,* for the defendant.

PEASLEE, J.,  The first division of Grafton county into judicial districts was in 1841. The statute then passed provided in terms that all prosecutions for offences alleged to have been committed in either district should be had therein. Laws 1841, *c.* 598, *s.* 6. The limitation was retained, in condensed form, by the commissioners who revised the statutes the next year (Comm'rs' Rep. R. S., *c.* 16, *s.* 15), but was amended by the legislature so that it applied only to civil cases. R. S., *c.* 16, *s.* 15. This provision has been reënacted in substance whenever the county has been divided into judicial districts since that time. Laws 1893, *c.* 8, *s.* 5; Laws 1907,

*c.* 28, *s.* 9; Laws 1911, *c.* 72, *s.* 9. It thus appears to be the declared intent of the legislature that the county be divided into districts for civil business, but that as to prosecutions for crime it should continue to be one county. *Willie* v. *Parkhurst*, 31 N. H. 415. The practice under these statutes has been in accordance with the legislative mandate, and indictments have been found and tried at any term of court, without regard to the question of venue, as between the districts.

It is now objected that this practice infringes the constitutional rights of a respondent to be tried by a jury *de vicineto*. "In criminal prosecutions, the trial of facts in the vicinity where they happen is so essential to the security of the life, liberty, and estate of the citizen, that no crime or offence ought to be tried in any other county than that in which it is committed, except in case of general insurrection." Bill of Rights, *art.* 17. As this article has been construed, it does not mean that jurors on a given panel must come from all the towns in the county, or from towns scattered over all the county. "The court shall direct the number of jurors to be summoned, and from what towns." P. S., *c.* 209, *s.* 7. This has in substance been the law since long before the constitution was adopted. "In view of this fact, there remains no room for doubt or disputation that when our constitution was adopted the right of trial in use here was the right to be tried by impartial jurors drawn from such towns in the county as the court directed." *State* v. *Moore*, 69 N. H. 102, 121.

It has been assumed in the present case, by counsel on both sides, that the act dividing Grafton county into judicial districts directed that the jurors be drawn from the several districts as though they were separate counties. There is no such provision in the act. "A grand jury shall be drawn and returned for the April term at Lebanon, the September term at Haverhill, and the November term at Plymouth. Petit jurors shall be drawn and returned for each term held in said county." Laws 1911, *c.* 72, *s.* 8. There is nothing here which in any way limits the right or the duty of the court to direct the number of jurors and from what towns they shall be drawn. If as a matter of convenience, or for some other reason, the court has selected the towns in the district as those to furnish the jurors for the terms there held, the constitutional rights of respondents have not been infringed upon. The juries were drawn from the body of the county, within the meaning of the law. *State* v. *Sawtelle*, 66 N. H. 488, 505. The law governing drawing juries in Grafton county,

and the practice under it, are the same as in all other counties. The court directs what towns shall furnish jurors from term to term, so that in the course of a year each town shall have furnished its proper proportion.

It follows from what has been said that the respondent was legally indicted, and that no cause is shown for his challenge to the array of petit jurors.

*Case discharged.*

All concurred.